Raymond H. Royce III
Taylor B. McMahon
LAW OFFICES OF ROYCE & BRAIN
1407 West Thirty-First Avenue, 7th Floor
Anchorage, Alaska 99503-3678
Telephone: (907) 258-6792
Facsimile: (907) 276-2919
rroyce@roycebrain.com
tmcmahon@roycebrain.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOMERSET PACIFIC, LLC, CREEKWOOD PARK LIMITED PARTNERSHIP, CREEKSIDE-ALYESKA, LLC, and COMMUNITY DEVELOPMENT, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> TUDOR INSURANCE COMPANY, <br><br> Defendant. | Case No. 3:17-cv-_____ |

### COMPLAINT FOR DECLARATORY RELIEF
(28 U.S.C. §§ 2201 & 2202)

COMES NOW Plaintiffs, Somerset Pacific, LLC ("Somerset"), Creekwood Park Limited Partnership, Creekside-Alyeska, LLC and Community Development, Inc. ("CDI," collectively "Plaintiffs"), by and through their counsel of record, the Law

Offices of Royce & Brain, and hereby assert their Complaint for Declaratory Relief as follows:

## A. NATURE OF THE ACTION

1. This is an action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, as well as monetary damages. Plaintiffs seek a determination that defendant Tudor Insurance Company ("Tudor") had both a duty to defend and a duty to indemnify Plaintiffs against the claims in an underlying lawsuit ("Lawsuit") filed against Plaintiffs. The Lawsuit involved claims that Plaintiffs failed to provide running water and reasonable amounts of hot water to tenants at an apartment complex owned by plaintiff Creekwood Park Limited Partnership. Each of the Plaintiffs were named defendants in the Lawsuit. A copy of the Complaint in the Lawsuit is attached as Exhibit A. A copy of the policy issued by Tudor in effect at the time of the Complaint is attached as Exhibit B.

## B. THE PARTIES

2. Somerset, a named defendant in the Lawsuit is an Idaho Limited Liability Company with its headquarters in Garden City, Idaho. Somerset is a professional asset management firm specializing in properties financed through the Low-Income Housing Tax Credit Program.

3. Creekwood Park Limited Partnership, a named defendant in the Lawsuit, is an Alaska Limited Partnership with its principal place of business in Palmer, Alaska.

Case 3:17-cv-00224-HRH   Document 1   Filed 10/20/17   Page 2 of 9

4. Creekside-Alyeska, LLC, a named defendant in the Lawsuit, is an Alaska Limited Liability Company with its principal place of business in Anchorage, Alaska.

5. CDI, a named defendant in the Lawsuit, is a nonprofit corporation with its principal place of business in Garden City, Idaho, in good standing with the State of Alaska. CDI is an affordable housing developer with properties in several states.

6. The Plaintiffs are all related corporate entities. Creekwood Park Limited Partnership is the owner of the apartment complex at issue in the Litigation. Creekside-Alyeska, LLC is the general partner of Creekwood Park Limited Partnership. CDI, in turn, is the sole member of Creekside-Alyeska. Somerset is a wholly owned subsidiary of CDI and is the manager of the apartment complex pursuant to a written agreement with Creekwood Park Limited Partnership.

7. Upon information and belief, defendant Tudor is a subsidiary of Western World Insurance Group that is authorized to issue insurance policies in the State of Alaska. Tudor's headquarters are in Franklin Lakes, New Jersey.

## C. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

9. An actual justiciable controversy between the Plaintiffs and Tudor exists within the meaning of 28 U.S.C. §2201 regarding whether Tudor had the duty to defend and/or indemnify Plaintiffs in the Lawsuit.

LAW OFFICES OF RUTCE & BRAIN
1407 West Thirty-First Avenue, 7th Floor
Anchorage, AK 99503-3678
Telephone: (907) 258-6792
Facsimile: (907) 276-2919

Complaint for Declaratory Relief
*Somerset Pacific, LLC, et al. v. Tudor Insurance Company*
3:17-cv-_____
Page 3 of 9

Case 3:17-cv-00224-HRH   Document 1   Filed 10/20/17   Page 3 of 9

LAW OFFICES OF ROYCE & BRAIN
1407 West Thirty-First Avenue, 7th Floor
Anchorage, AK 99503-3678
Telephone: (907) 258-6792
Facsimile: (907) 276-2919

10. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the Lawsuit was filed in this district, the apartment complex at issue in the Lawsuit is located in this district, and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. Plaintiffs Creekwood Park Limited Partnership and Creekside-Alyeska, LLC are also based in this district.

### D. THE UNDERLYING LAWSUIT

12. The apartment complex is located at 1910-1978 Creekwood Park Circle, Palmer, Alaska 99645 ("Property"). It provides quality housing to low-income individuals.

13. On or about April 22, 2014, eight residents of the Property filed suit in the Palmer Superior Court against CDI, Somerset, Creekside-Alyeska, LLC, Creekwood Park Limited Partnership, and the Creekwood Park Apartments. The case was assigned number 3PA-14-01504 CI.

14. The Lawsuit alleged generally that the Plaintiffs failed to provide clean running water and reasonable amounts of hot water at the Property. It included counts for: (1) breach of contract, (2) violation of the Uniform Residential Landlord-Tenant Act, (3), negligence/nuisance, (4) vicarious liability/respondeat superior, (5) fraudulent conduct, (6) unjust enrichment, and (7) punitive damages.

15. Plaintiffs timely tendered the Lawsuit to Tudor and requested defense and indemnity.

16. Via letter dated October 21, 2014, Tudor denied that it had a duty to defend or indemnify CDI against the claims in the Lawsuit. A copy of this letter is attached as Exhibit C.

17. After Tudor's denial, Plaintiffs were forced to defend the Lawsuit without Tudor.

18. The parties to the Lawsuit conducted a settlement conference on January 13, 2016 with retired Superior Court Judge Sen K. Tan and reached a settlement under which Plaintiffs paid the tenants $147,500.

19. Plaintiffs incurred in excess of $65,000 in legal fees and costs in the Lawsuit.

20. After the settlement was reached, Plaintiffs advised Tudor of the outcome and requested reimbursement for the settlement amount, costs, and attorney's fees incurred, which Tudor denied.

### E. THE POLICY

21. Somerset, as the General Manager of the Property, procured Commercial General Liability insurance ("CGL") for the Property from Tudor.

22. Tudor issued these CGL policies to its named insured Somerset for a series of one-year terms beginning April 1, 2008. At the time the Lawsuit was

Complaint for Declaratory Relief
*Somerset Pacific, LLC, et al. v. Tudor Insurance Company*
3:17-cv-_____
Page 5 of 9

Case 3:17-cv-00224-HRH   Document 1   Filed 10/20/17   Page 5 of 9

initiated, policy PGP0766778, running from April 1, 2014 to April 1, 2015, was in effect ("Policy").

23. The Property, as well as Creekwood Park Limited Partnership and Creekside-Alyeska, LLC, were additional named insureds in the policy.

24. The Policy provides CGL limits of insurance of $1 million each occurrence, $1 million products - completed operations aggregate Limit, $1 million personal and advertising injury, $100,000 damage to premises rented to you, $5,000 medical expense limit and a $2 million general aggregate limit.

25. In pertinent part, the Policy provides coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

26. To be covered, the "bodily injury" and "property damage" must be caused by an "occurrence" that takes place in the "coverage territory" during the policy period. An "occurrence" is defined in the policy as an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

27. Much of the dispute between Tudor and CDI has centered on whether the claims made in the Lawsuit are subject to coverage exclusions, although Tudor has alleged numerous defenses, as provided in Exhibit C, particularly the "Real Estate Agents and Brokers Professional Liability Exclusion," which provides that:

> In consideration of the premium charged, it is agreed that this insurance does not apply to any claim(s) or 'suit' arising out of the rendering of or failure to render professional services in the conduct

of any insured's business as a 'real estate professional' and/or 'real estate property manager.'

As used in this endorsement, the term 'Real Estate Professional' means a real estate property manager; or real estate appraiser; or licensed real estate agent or broker.

As used in this endorsement, the term 'Real Estate Property Manager' means a person or organization while performing any one or more of the following services in connection with real property, including functions necessary and incidental to such services:

a. Securing tenants, renting, or leasing; or
b. Collecting rents; or
c. Controlling expenses and reporting such expenses to the real estate owner.

28.  A second endorsement relevant to the above is the "Real Estate Property Managed" endorsement, which provides:

This insurance does not apply to "property damage" to property you operate or manage or as to which you act as agent for the collection of rents or in any other supervisory capacity.

With respect to your liability arising out of your management of property for which you are acting as real estate manager this insurance is excess over any other valid and collectible insurance available to you.[1]

29.  The claims in the Lawsuit are not excluded from the Policy because the acts complained of do not constitute the rendering of, or failure to render, professional services and are not otherwise excluded from coverage.

30.  Tudor's preferred interpretation of the policy fails to give effect to all provisions of the policy and creates an inconsistency.

---

[1] CG 22 70 11 85.

Complaint for Declaratory Relief
*Somerset Pacific, LLC, et al. v. Tudor Insurance Company*
3:17-cv-_____
Page 7 of 9

31. Tudor further breached its contractual obligation to Plaintiffs by failing to defend them against the Lawsuit.

32. A real and substantial controversy exists as to whether Tudor has a duty to defend and/or indemnify Plaintiffs against the claims in the Lawsuit.

33. Plaintiffs request, pursuant to 28 U.S.C. §§ 2201 and 2202, that the Court declare that Tudor had the duty to defend and indemnify Plaintiffs against the claims asserted in the Lawsuit.

## REQUEST FOR RELIEF

Having set forth is *Complaint for Declaratory Relief*, Plaintiffs request judgment as follows:

A. For a declaratory judgment determining that the Tudor Policy covers Plaintiffs with regard to defense and indemnification as to any and all claims asserted in the Lawsuit.

B. For a judgment ordering Tudor to pay Plaintiffs the settlement amount of the Lawsuit, plus costs, interest, and attorney's fees incurred in the Lawsuit, as well as in this case.

C. For such other and further relief as the Court deems just and necessary.

Complaint for Declaratory Relief
*Somerset Pacific, LLC, et al. v. Tudor Insurance Company*
3:17-cv-_____
Page 8 of 9

Case 3:17-cv-00224-HRH   Document 1   Filed 10/20/17   Page 8 of 9

LAW OFFICES OF ROYCE & BRAIN
Counsel for Plaintiffs

DATED: 10/19/17      By: /s/ Taylor B. McMahon
                         Taylor B. McMahon, Esq.
                         Alaska Bar Association No. 0901001
                         1407 W. 31st Avenue, 7th Floor
                         Anchorage, Alaska 99503-3678
                         Telephone: (907) 258-6792
                         Facsimile: (907) 276-2919
                         rroyce@roycebrain.com
                         tmcmahon@roycebrain.com

Complaint for Declaratory Relief
*Somerset Pacific, LLC, et al. v. Tudor Insurance Company*
3:17-cv-_____
Page 9 of 9

Case 3:17-cv-00224-HRH   Document 1   Filed 10/20/17   Page 9 of 9